No. ——

**First Circuit**

**WERLEIN v. DUCHAMP**

(February 12, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Sales—Par. 152, 229.**

The purchaser of a player-piano cannot resist payment of the balance due on account of it being out of order, after paying on it five years and admitting in a letter that the piano was out of order because it remained idle too long.

Appeal from the Parish of St. Martin. Hon. James D. Simon, Judge.

Action by Philip Werlein, Ltd., against Joseph H. Duchamp.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Martin & Martin, of St. Martinville, attorneys for plaintiff, appellee.

Voorheis & Labbe, of St. Martinville, attorneys for defendant, appellant.

ELLIOTT, J. Action on contract to compel payment of a player-piano.

Philip Werlein brought suit against Joseph H. Duchamp to compel payment of one hundred and seventy-four dollars and fourteen cents, with interest and attorney's fees, alleged to be the balance due on account of a Foster player-piano, and alleging a vendor's privilege on the piano, obtained a writ of sequestration under which it was seized; but the writ was dissolved on account of an insufficient verification of the petition.

The defendant resists payment of the balance claimed, alleging that the piano was defective. That the player part was heavy and stiff from the first, and, growing worse, would not reproduce the selection on the roll. That to operate it required so much labor that but little pleasure was obtained from the instrument. That defendant complained to plaintiff's agents of the defect, which they as often promised to repair, but nothing was done.

That in selling the piano to defendant the plaintiff guaranteed it to be trouble-proof.

The district judge rendered judgment in favor of the plaintiff.

Defendant appealed.

The defendant testifies that the player part of the piano gave trouble from the start, and grew from bad to worse. That he repeatedly requested plaintiff's agents to fix it, and they always promised, but never fixed it.

Mr. Landry, a piano tuner, apparently without interest in the result, examined the instrument in 1922 and found it out of order. The player would not work at all until he worked on it. He says that the valves leaked and were dirty, the plates and stems corroded. He offered to fix it for $35.00, but defendant would not pay it, giving as his reasons for refusing that Werlein had promised to keep it in satisfactory repair.

The witness examined the piano again at the time of the trial in 1925, and found it in the same condition in which it was when he examined it in 1922.

He testifies that the trouble could have been caused by the lack of use, and says that a player-piano should be looked after and cleaned about once a year.

The defendant himself, in a letter written to plaintiff, June 5, 1922, asking for time and indulgence as to payments, requests in a postscript that plaintiff have its agents, when in his vicinity, call and adjust "the player part of my piano, which has been out of order for some time, caused, I believe, by remaining idle too long".

The price of the piano was six hundred and fifty dollars. The order for it was signed November 20, 1919, and $110.00 cash was paid for it at the time. The order is in form, a promise to pay $18.00 per month on or before the 20th of each month.

This suit was filed April 15, 1925, more than five years after the purchase. The evidence shows that defendant has been paying all along, in all twelve payments, which amounts in the aggregate, allowing and counting interest on the payments, to $671.78. The defendant, charging interest at the same rate on deferred payments, leaves the balance claimed in this petition. These payments were made in 1920-1921-1922-1923-1924.

Defendant gave, in 1925, pre-dated checks covering the balance due on the piano, but he stopped payment of the checks. He did so, he says, because plaintiff did not live up to its promise to fix the piano.

It is almost inconceivable that defendant would have paid so much and at times so far apart, $180.00 being paid at one time in 1921, finally giving checks for the balance due, if he had felt that he had a just defense against the balance due on account of defects in the piano. If the piano had been defective defendant would likely have stopped paying as soon as the defect manifested itself. By continuing to pay, we conclude that defendant felt that the trouble was as stated in the postscript of

his letter of June 5, 1922. He has not filed a brief in support of his defense in this court.

The district judge, for written reasons, rendered judgment in favor of the plaintiff as prayed for. It is our conclusion that the judgment is correct.

Judgment affirmed, defendant and appellant to pay the cost in both courts.